[No. 14022. In Bank. —September 18, 1890.]

R. C. MEYERS, PETITIONER, *v.* E. B. POND ET AL., RESPONDENTS.

MANDAMUS— PRECINCT REGISTRATION IN SAN FRANCISCO— CONSTRUCTION OF STATUTES. — Under the act of March 18, 1878, providing that the board of precinct registration in San Francisco shall consist of one inspector and two judges, the board of election commissioners of said city has no power to put a fourth person on the board of precinct registration. The act of March 20, 1889, amending section 1142 of the Political Code, and providing for a board of two inspectors and two judges in each precinct, applies only to the board of election who are to take charge on the day of election, and not to the board of precinct registration.

APPLICATION to the Supreme Court for a peremptory. writ of mandate to the board of election commissioners of the city and county of San Francisco. The facts are stated in the opinion of the court.

*H. C. Dibble, Dorn & Dorn, J. A. Waymire, Meyer Jacobs,* and *E. S. Pillsbury,* for Petitioner.

*Garrett W. McEnerney, T. P. Stoney,* and *C. L. Ackerman,* for Respondents.

McFARLAND, J.—This is a petition for a peremptory writ of *mandamus* commanding the respondents, who compose the board of election commissioners of the city and county of San Francisco, to appoint a board of precinct registration in each precinct in said city and county, to consist of *two* inspectors and two judges, to be selected respectively from the two opposing political parties which cast "the greatest number of votes at the next preceding general election."

It is admitted that the respondents are about to appoint such precinct boards to consist of only *one* inspector and two judges,— the inspector and one judge to be taken from one of said political parties, and the other judge to be taken from the other political party.

The following are the statutory provisions bearing on the question: —

On the eighteenth day of March, 1878, section 1142 of the Political Code was as follows: "When an election is ordered, the board of supervisors must appoint for each precinct, from the electors thereof, one inspector and two judges, who constitute a board of election for such precinct; and in the city and county of San Francisco the board of supervisors must also, prior to the election day, appoint for each precinct, from the electors thereof, an additional inspector and two additional judges, who, with the original inspector and judges, shall canvass the votes for such precinct, and who must be present at the closing of the polls; otherwise the board of election must appoint the additional inspector and judges, or supply the place of an absent member thereof. The original and additional inspector and judges shall thenceforth constitute the board of election, the members relieving each other in the duties of canvassing the ballots, which may be conducted by at least half of the whole number; but the final certificates shall be signed by a majority of the whole."

On that day — March 18, 1878 — an act of the legislature was approved, entitled "An act to regulate the registration of voters, and to secure the purity of elections in the city and county of San Francisco." By this act a system of precinct registration was created for said city and county, and powers formerly exercised by the board of supervisors with respect to elections were conferred upon a new body, created by the act, called the board of election commissioners. Section 19 of that act was as follows: "There shall be a board of precinct registration in each precinct of said city and county, which shall be constituted in the following manner: The board of election commissioners, as soon as is practicable after they have divided the city and county into election precincts as hereinbefore provided for, shall

proceed, in the manner provided in section 13 hereof, to appoint the one original inspector and the two original judges of election provided for in section 1142 of the Political Code for each precinct. Said inspector and judges shall serve for one year, unless otherwise ordered by the commission, and in addition to acting as election officers at all the elections during the year, shall serve as precinct registration officers for enrolling the electors of their respective precincts on the precinct registers thereof. All other election officers shall be appointed by the board of election commissioners at such time as shall be necessary before the election."

On March 20, 1889, an · act of the legislature was approved, entitled "An act to amend" certain enumerated sections of the Political Code "relating to elections." By this act section 1142 (above quoted) was amended. That part of this section as thus amended and re-enacted, which is pertinent to the case at bar, is as follows: "When an election is ordered, the board of supervisors, or other board having charge and control of elections in each of the counties and cities and counties of the state, shall appoint for each precinct, from the electors thereof whose names appear upon the last assessment roll of said county or city and county, two inspectors, two judges, and two clerks, the inspectors, judges, and clerks to be selected respectively from the two opposing political parties which cast the greatest number of votes at the next preceding general election. The inspectors and judges so appointed shall constitute a board of election for such precinct. Said board of electors shall canvass the votes for such precinct, and must be present at the closing of the polls. The members of said board shall relieve each other in the duties of canvassing the ballots, which may be conducted by at least half of the whole number; but the final certificate shall be signed by a majority of the whole."

The foregoing statutory provisions are all that are necessary to be here cited in full.

Now, it is contended by petitioner that, by virtue of the amendment of section 1142 of the Political Code, approved March 20, 1889, — last above quoted, — it has become the clear and imperative duty of the respondents to create a board of precinct *registration* in each precinct of San Francisco, to be composed of *four* persons, viz., two inspectors and two judges, instead of *three* persons, viz., *one* inspector and two judges. But it is evident that there is no such requirement to be found in the statutory law. The said act of March 20, 1889, amending certain sections of the code, makes no change, and does not purport or attempt to make any change, of the persons who have charge of the *registration* of voters. It deals mainly, and almost exclusively, with the matter of *holding elections;* and so far as it provides for any change of officers at all, that change relates entirely to those who are to take charge of the election on the day of the election, — to receive the ballots, to canvass them, and to certify the result. Section 1142 as amended, after providing for the appointment of two inspectors, two judges, and two clerks, equally from the political parties (which appointment, by section 1131, must be made " at least fifteen days prior to an election"), then provides that " the inspectors and judges so appointed shall constitute a board of *election* for such precinct." The section then prescribes their duties, — which are stated to consist in being present at the polls, canvassing the ballots, making certificates, etc. But there is no duty imposed on them, and no power given them to take part in the prior registration of voters. That duty is imposed on other officers, and it has been imposed generally throughout the state on county clerks, assisted by county assessors.

In San Francisco, however, by the said act of March 18, 1878 (section 19 of which is above quoted), the power of supervising registration was conferred upon

three distinct bodies or persons, each appearing to be, to some extent, independent of and a check upon the others; viz., 1. A board of election commissioners, composed of five of the most important municipal officers of the city and county; 2. A registrar, appointed by the governor of the state; and 3. A board of precinct registration, who are given some power during the last few days, before the time for registering expires, and who were composed, not of the precinct board of *election*, as provided at that time by section 1142 of the Political Code (to which said section 19 of the act referred), but of certain persons who form a *part* of that board, viz., one inspector and two judges. If the legislature had desired the registration board to consist of a larger number, or the whole of the boards of election, it could easily have done so; for the latter board at that time consisted of two inspectors and four judges. And that statute (of March 18, 1878) is the only law now existing for the creation of boards of precinct registration in San Francisco. And as that statute provides that such board shall consist of three persons, this court could not command the respondents to put a fourth person on it, without usurping legislative power. To do so would be, not to construe doubtful language in a statute, which courts, from necessity, must often do, but to create a new piece of legislation, — which the legislature alone can rightfully do.

Counsel for petitioner seem very much impressed with the notion that, as the legislature intended by the amendments of 1889 to have the boards of election composed of persons taken equally from the two political parties, therefore it should be held to have intended to apply the same rule to those having charge of the registration of voters in San Francisco. But whatever may be imagined as to such intention, it is sufficient to say that no such intention was expressed. And it may be remarked, in passing, that legislators might well have

thought that the rule of equal party representation could be conveniently applied to boards of election officers who sit for only a day or two, and must necessarily be composed of comparatively a large number of persons, while it could not be well applied to *registration*, which is a continuous process, requiring attention for long periods. There certainly is no remote intimation that the party rule was intended to apply to registration in any part of the state other than the city and county of San Francisco.

PATERSON, J., SHARPSTEIN, J., THORNTON, J., and BEATTY, C. J., concurred.

Fox, J., dissenting. — I dissent.   Since the amendment of section 1142 of the Political Code, there are no such officers known to the law as " the one original inspector and the two original judges of election" in the city and county of San Francisco; but there are in said city and county *two* inspectors and *two* judges, all " original," — all equal before and under the law, and all to be appointed at the same time, the appointees to be selected equally from the two parties, etc.   Members of the board of registration are simply so *ex officio* by virtue of their appointment as inspectors and judges of election.   As the amendment of section 1142 was made after the act of March 18, 1878, and the latter is not and never was a complete law without reference to said section, it must conform to the section of the code as so amended, or else it has become entirely inoperative so far as relates to the board of registration.   It should not be held to have become inoperative if the two can be harmonized.   I see no difficulty in so construing them as to harmonize with each other, nor do I think that such a construction will amount to judicial legislation.

In my judgment the writ should be granted.